UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MORELAND,

                        Plaintiff,

v.

U.S. POST OFFICE GENERAL,

                        Defendant.

_____/

Case No. 14-13147

Paul D. Borman
United States District Judge

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 7)

Plaintiff William Moreland ("Plaintiff") filed his *pro se* complaint against the United States Postmaster General on August 14, 2014. (ECF. No. 1). On October 3, 2014, the United States filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(b). (ECF No. 7). Plaintiff then filed a response on October 23, 2014 (ECF No. 10) and the United States thereafter filed its reply (ECF No. 12).

The Court finds there is no need for oral argument on the present motion. *See* E.D. MICH. LR 7.1(f)(2). For the following reasons, Court GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff alleges that on September 29, 2013, he moved to his residence, located at 17360 Trinity Street, Detroit, Michigan. (Compl. at 1). In November 2014, Plaintiff claims that he introduced himself to his mail carrier and she complained to him that other people in the neighborhood were "not getting their mail because of your dog." (*Id.*).

Thereafter, Plaintiff alleges that his mail carrier refused to deliver his mail or did deliver

it but wrote "threats in big letters across the front of them". (*Id.*). Plaintiff has attached copies

of mail that have the phrases "big dog on side of house" and "dog mess blocking sidewalk" to

support his claims. (Compl., Ex. A).

Plaintiff also alleges his mail carrier stole or lost his mail. (Compl. at 3). As a result of

having his mail stolen or lost, Plaintiff's medical treatment was delayed and his application for

disability benefits was lost. Additionally, other court documents had to be re-sent to him. (*Id.*).

Plaintiff asserts that these actions were in violation of federal laws and states that such actions

constituted "Negligence, Hate Crimes and Abuse of Office". (Compl. at 4). Plaintiff seeks

punitive damages base on his claims. (*Id.*).

## II. STANDARD OF REVIEW

The United States Court of Appeals for the Sixth Circuit has described motions to

dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(1) as falling within two categories:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such
> motion, the court must take the material allegations of the petition as true and
> construed in the light most favorable to the nonmoving party .... a *factual* attack,
> on the other hand, is not a challenge to the sufficiency of the pleading's
> allegations, but a challenge to the factual existence of subject matter jurisdiction.
> On such a motion, no presumptive truthfulness applies to factual allegations ....
> And the court is free to weigh the evidence and satisfy itself as to the existence of
> its power to hear the case.

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations omitted) (emphasis

in original). "Under a facial attack, all of the allegations in the complaint must be taken as true,

much as with a Rule 12(b)(6) motion." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th

Cir. 2012) (citation omitted). In the instant action, the United States has set forth a facial attack

where it alleges Plaintiff has failed to allege facts that create jurisdiction. According, the Court

must take Plaintiff's allegations as true.  *See Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The United States has also moved to dismiss Plaintiff's complaint based FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  The Supreme Court had held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Further, the Court is mindful that a *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than

3

formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally

construed in determining whether it fails to state a claim upon which relief could be granted.").

### III. ANALYSIS

The United States argues, and this Court agrees, that Plaintiff's claims must be dismissed

because his claims are barred by sovereign immunity.  Plaintiff has alleged that his mail was

deliberately lost or stolen and that his mail carrier wrote things on his mail.  However, "[u]nder

well-established and familiar principles of sovereign immunity, the United States may not be

sued without its consent, and the terms of this consent define the jurisdiction of the courts to

entertain a suit against the Government."  *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir.

2013) (citation omitted).  The Supreme Court has made clear that a "waiver of sovereign

immunity cannot be implied but must be unequivocally expressed."  *United States v. Mitchell*,

445 U.S. 535, 538 (1980) (citation omitted).

In the present action, Plaintiff has set forth claims against the Postal Service, which under

the Postal Reorganization Act, 39 U.S.C. § 101, *et seq.* ("PRA"), is "an independent

establishment of the executive branch of the Government of the United States" and generally

"enjoys federal sovereign immunity absent a waiver."  *Dolan v. United States Postal Service, et.

al.*, 546 U.S. 481, 483-84 (2006) (citations omitted).

The PRA also provides that the Federal Tort Claims Act ("FTCA"), which allows a

limited waiver of sovereign immunity for plaintiffs seeking to pursue tort claims against the

United States, "shall apply to tort claims arising out of activities of the Postal Service."  *Id*. at

484 (citing 39 U.S.C. § 409(c)); *see also Smith v. United States*, 507 U.S. 197, 203 (1993)

(citation omitted).  The FTCA then provides that sovereign immunity is waived where the claims

4

against the United States are for money damages for injury or loss or property, or personal injury by the negligent or wrongful act or omission of an employee while acting within the scope of his or her employment when the "United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* (quoting 28 U.S.C. § 1346(b)(1)). Further, where the FTCA grants such a waiver of sovereign immunity, it provides that the United States is liable "in the same manner and to the same extent as a private individual under like circumstances," but not for "interest prior to judgment or for punitive damages". *Id.* (quoting 28 U.S.C. § 2674).

Pertinent to this case, is the exception to the waiver of sovereign immunity for certain types of actions, including the exception that provides that such a waiver does not apply to "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter". 28 U.S.C. § 2680(b). The Supreme Court has explained this exception, stating: "[w]e think it more likely that Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 488. Accordingly, Plaintiff's claims based on his allegations of negligence and loss of his mail are clearly barred by lack of subject matter jurisdiction because the United States retains sovereign immunity. Further, to the extent Plaintiff also alleges the loss, delay or theft of his mail was due to intentional actions, these claims are similarly barred by sovereign immunity. *See Levasseur v. United States*, 543 F.3d 23 (1st Cir. 2008) (holding that the theft or concealment of mail falls with in the exception of § 2680(b)).

5

Additionally, the Court finds that Plaintiff's claims also fail because he has not exhausted his administrative remedies as required by the FTCA. Indeed, the FTCA requires that an action cannot be instituted against the United States for money damages "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail ...." 28 U.S.C. § 2675(a). Here, Plaintiff does not dispute that he failed to exhaust his administrative remedies prior to filing suit and the United States has attached the declaration providing the same. (Def.'s Br. Ex. 1, Decl. Kimberly A. Herbst).

Finally, Plaintiff asserts that he has been a victim of a hate crime, however, federal hate crime laws do not provide a private cause of action. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-09 (6th Cir. 2004) (finding that as a private citizen the plaintiff had no authority to initiate a federal criminal prosecution against the defendants based on their alleged unlawful acts); *see also Jermano v. Taylor*, No. 11-10739, 2012 WL 4021115, at *6 (E.D. Mich. July 30, 2012) (report and recommendation dismissing *pro se* claim brought pursuant to the Hate Crimes Prevention Act), *adopted by* 2012 WL 4027106 (E.D. Mich. Sept. 12, 2012). Further, Plaintiff has set forth no allegations to support his claim that the mail carrier committed any action based on his race - rather the only statements he alleges she made were in regards to his dog. Even construing Plaintiff's claims in the most liberal sense, Plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Therefore, Plaintiff's "hate crime" claim fails to state a claim upon which relief can be granted.

6

IV. CONCLUSION

For all these reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims and therefore, the United States' Motion to Dismiss must be granted.  (ECF No. 7).

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 18, 2015.


s/Deborah Tofil
Case Manager